IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01993–KMT–KLM

CYNTHIA GAY ROYCE,

    Plaintiff,

v.

VETERAN AFFAIRS REGIONAL OFFICE,
JAMES B. PEAKE, MD, Secretary of Veteran Affairs,
DAN ICE, Support Services, Veteran Affair Regional Office,
JANICE JACOBS, Director, Veteran Affairs Regional Office,

    Defendants.

---

## ORDER

---

This matter is before the court on Defendant James B. Peake's "Motion to Dismiss" (hereinafter "Motion") [Doc. No. 31, filed January 28, 2009]. On February 11, 2009, Plaintiff filed her "Response to Defendants (sic) Motion to Dismiss" (hereinafter "Rsp."). [Doc. No. 35.] "Defendant's Reply to Plaintiff's Response to Motion to Dismiss" was filed February 17, 2009. [Doc. No. 38.] The court has determined that oral argument would not be helpful and the Motion is therefore ripe for review and ruling.

### *PROCEDURAL HISTORY*

Plaintiff filed her pro se Title VII Complaint on September 16, 2008 and her Amended Title VII Complaint on September 22, 2008. [Doc. Nos. 3 and 4.] During the same time period,

Plaintiff, through counsel, filed another case, *Royce v. Military Order of the Purple Heart*, Case No. 08-cv-02275 on October 20, 2008 (hereinafter "MOPH Case"). That Complaint also alleged violations of Title VII[1] arising out of the same circumstances as the instance case. (*See* Complaint, MOPH Case, Doc. No. 1). Plaintiff successfully settled the case against MOPH. (*See* Minute Entry, MOPH Case, Doc. No. 18, April 16, 2009.)

In the instant case, Defendant Peake filed an unopposed Motion for a More Definite Statement on December 8, 2008 which was granted at a hearing before Magistrate Judge Kristen Mix on December 17, 2008. During that hearing Magistrate Judge Mix ordered:

> Plaintiff shall file an Amended Complaint on or before JANUARY 20, 2009.
>
> The Amended Complaint to be filed shall include the following information:
> 1. Plaintiff shall specify whether the legal claims presented are against named defendants in their individual capacities or against named defendants as employees or agents of the Department of Veteran's Affairs Regional Office.
> 2. Plaintiff shall specify whether the claims of discrimination based on sex are intended to be claims alleging gender discrimination in employment or are claims of sexual harassment, or both.
> 3. Plaintiff shall state the factual and legal bases, if any, for claims of "HIPPA violation." Plaintiff must include the facts that she believes give rise to this claim.
> 4. Plaintiff shall state the factual and legal bases, if any, for her claim of "unethical release of personal information." Plaintiff must include the facts that she believes give rise to this claim.
> 5. Plaintiff shall specify whether she is asserting any legal claim against defendant, Veteran Affairs Regional Office.

[Doc. No. 26.] Thereafter Plaintiff filed a "Motion for Amended Complaint." [Doc. No. 27.]

---

[1] It is undisputed that the Military Order of the Purple Heart was Plaintiff's employer during the relevant time periods involved in this case.

This "motion" was denied as moot by Magistrate Judge Mix on January 9, 2009. [Doc. No. 29.] In the nine-page "motion" it appears that the Plaintiff was attempting to set forth the answers to the Court's directive concerning filing an amended complaint. Magistrate Judge Mix once again provided specific guidance to the Plaintiff, stating

> To the extent that the Motion purports to be Plaintiff's amended complaint, it does not comply with my Order and will not be accepted. IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED as moot. Further, the Court reminds Plaintiff of her requirement to file an amended complaint on or before January 20, 2009. The pleading shall be titled "Amended Complaint" and must be a document separate from any other pleading, e.g., it cannot be contained in a motion. In addition to the requirements detailed in my prior Order [Docket No. 26], the complaint must contain (at a minimum), a case caption; a list of parties; a statement of jurisdiction; a summary of alleged injuries; a list of claims, including the alleged individuals responsible for Plaintiff's injuries and the legal basis for Plaintiff's claims; a prayer for relief; and a signature. Plaintiff is also directed to the Federal and Local Civil Rules regarding the pleading requirements for complaints.

*Id.* Plaintiff filed her Amended Complaint on January 15, 2009 (hereinafter "Second Amended Complaint" or "SAC"). [Doc. No. 31.] Defendant James B. Peake[2] filed his Motion to Dismiss on January 28, 2009.

Upon consent of the parties to the jurisdiction of a United States Magistrate Judge for all further proceedings, the case was drawn to me on March 18, 2009. [Doc. Nos. 45 and 47.]

---

[2] Defendant asserts "While James B. Peake as the Secretary of the Agency is the only proper defendant in a Title VII action and therefore undersigned counsel's representation of Secretary Peake in that capacity is clear, undersigned counsel may represent all federal entities and individuals in their official capacity who are named as defendants in this action. However, because Plaintiff's Amended Complaint does not make clear the bases for her claims against these defendants, this Motion to Dismiss is being filed by Secretary Peake only. Nonetheless, because the insufficiencies in Plaintiff's Amended Complaint apply to all named defendants, all defendants are subject to dismissal from this action for the reasons stated herein."

Plaintiff has since filed a "Motion Requesting Consideration in Previous Amended Complaint and Complete Disclosure of Discovery From the Defendants" on June 11, 2009 [Doc. No. 53] and "Plaintiffs (sic) Motion Requesting Discovery" on June 29, 2009 [Doc. No. 56].

## *LEGAL STANDARDS*

### *A.     Pro Se Plaintiff*

Plaintiff Cynthia Gay Royce is proceeding *pro se* in this case, unlike in her companion case against MOPH.  Therefore the court must liberally construe her pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of

what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). Rule 8 requires also that pleadings "be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quotations and citation omitted); *Stanko v. Davis*, 297 Fed. Appx. 746, 748, 2008 WL 4672295, *2 (10th Cir. 2008).

I do not expect Royce, as a *pro se* plaintiff, to be skilled at drafting a "short and plain statement of [her] claim, " *Williams v. Weber Morgan Strike Force,* 315 Fed. Appx. 685, 688, 2009 WL 500666, *2 (10th Cir. 2009); however, it remains the plaintiff's responsibility to provide the court with pleadings which at least make a good faith attempt to follow the Federal Rules of Civil Procedure and the Local Rules of Practice, especially given the multiple, clear directives from Magistrate Judge Mix. *See i.e. Toth v. Gates Rubber Co.*, 2000 WL 796068, *8 (10th Cir. 2000). The fact that Plaintiff is appearing in *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically

authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

          *C.*     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570. Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### *ANALYSIS*

#### *A.     Subject Matter Jurisdiction - Official Capacity Claims*

The jurisdiction of the federal courts is limited. *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, a presumption exists against federal court jurisdiction. *Id.* The party invoking federal court jurisdiction bears the burden of coming forth with competent evidence to prove jurisdiction. *Id.*; *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

Plaintiff claims to bring suit against James B. Peake in his official capacity only. (SAC at 1.) The Court notes that there are no specific allegations at all contained in the SAC against the Veteran Affairs Regional Office in spite of Magistrate Judge Mix's order. Plaintiff does not state in the SAC whether she is suing the remaining Defendants in their individual or official capacities, again in violation of Magistrate Judge Mix's order. Actions that challenge the unconstitutional conduct of a federal official must be asserted pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).³ Suits against officers in their

---

   ³     The *Bivens* court held that a federal cause of action exists for injuries incurred as a result of a constitutional violation by a federal official. *Id.* at 39596. Jurisdiction under Bivens cases lies under 28 U.S.C. § 1331. *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976). This court reviews these issues in light of Plaintiff's assertion that federal official(s) have violated her "privacy rights."

official capacities are suits against the entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

It is a well established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" *Lee v. United States*, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." *Hensel v. Office of the Chief Administrative Hearing Officer*, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a jurisdictional bar to suit. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (quotations and citations omitted).

Defendants Dan Ice and Janice Jacobs are or were, at the relevant time, agents of the Department of Veterans Affairs. Therefore, a suit against the Defendants in their official capacities is a suit against the Department of Veterans Affairs. The Department of Veterans Affairs is a federal agency. *Bivens* does not waive the sovereign immunity of federal agencies. *Meyer*, 510 U.S. at 484-86; *Bivens*, 403 U.S. at 410. Accordingly, the Plaintiff's claims for constitutional violations against the Veteran Affairs Regional Office[4] as well as James B. Peake

---

[4] Obviously claims against the Veteran's Affairs Regional Office should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) since there are no claims actually asserted against it directly.

must be dismissed as barred by sovereign immunity. Claims against Dan Ice and Janice Jacobs in their official capacities are also barred by sovereign immunity.

### B. Title VII

Title VII prohibits an employer from discriminating based on race, color, religion, sex, or national origin in the terms and conditions of employment. *See* 42 U.S.C. § 2000e-2(a)(1). Thus, for a Title VII action, there must be an adverse employment practice, *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004), which necessarily requires conduct by an employer. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) ("Title VII protections apply only where there is some connection with an employment relationship."); *Martin v. Central States Emblems, Inc.*, 150 Fed. Appx. 852, 858, 2005 WL 2503838, *5 (10th Cir. 2005) (prison inmate was not an employee). Whether a plaintiff is an "employee" for purposes of Title VII is a question of federal law. *Williams* at 997. *See Jacob-Mua v. Veneman*, 289 F.3d 517, 521 (8th Cir. 2002) (individual could not have been considered an employee for the purposes of bringing a Title VII claim because as a volunteer she was not paid, did not receive annual and sick leave benefits or coverage under any federal retirement program, and she was not entitled to merit promotion, holiday pay, insurance benefits, or competitive status.)

The Plaintiff admits she was not an employee of the Department of Veteran's Affairs. (Rsp. at 3.) In fact she was at all times employed by MOPH with whom she has settled her Title VII Complaint arising out of the same underlying activities. *See* MOPH Case. Since Plaintiff has no employment relationship with Defendant Ice or Jacobs, she cannot pursue a claim for

discrimination against them under Title VII. This jurisdictional default cannot be cured by amendment.

Therefore, Claim No. One alleging violations of Title VII must be dismissed with prejudice.

      C.      *Health Insurance Portability Accountability Act*

Plaintiff claims a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. 104-191, 110 Stat.1936 (Aug. 21, 1996), by Defendant Janice Jacobs. In enacting HIPAA, Congress mandated the establishment of national standards for protection of the privacy of individually identifiable health and medical information. *See Wallin v. Dycus*, 2009 WL 798839 (D. Colo. 2009). Consistent with this statutory mandate, the Department of Health and Human Services (HHS) promulgated rules and regulations governing the release and transmittal of "individually identifiable health information" by health care providers. See Title 45 C.F.R. §§160.101 *et seq*. Under the terms of HIPAA, "[a] covered entity may not use or disclose protected health information, except as permitted or required by [specific provisions of HIPAA]." Title 45 C.F.R. § 164.502(a).

All courts to consider the matter have held that HIPAA itself does not create a private right of action. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) ("While no other circuit court has specifically addressed this issue . . . [e]very district court that has considered this issue is in agreement that the statute does not support a private right of action.") *See Univ. of Colo. Hosp. Auth. v. Denver Pub. Co.*, 340 F. Supp.2d 1142, 1145 (D. Colo. 2004) (also collecting cases); *Agee v. United States,* 72 Fed. Cl. 284 (2006); *Walker v. Gerald*, 2006 WL

1997635 (E. D. La. June 27, 2006); *Poli v. Mountain Valleys Health Ctrs., Inc.*, 2006 WL 83378 (E. D. Cal. 2006); *Cassidy v. Nicolo*, 2005 WL 3334523 (W.D.N.Y. 2005); *Johnson v. Quander*, 370 F. Supp. 2d 79 (D.D.C. 2005); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176 (D. Wyo. 2001); *Means v. Ind. Life & Accident Ins. Co.*, 963 F. Supp. 1131 (M. D. Ala. 1997); *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356 (N. D. Miss. 1997); *Taylor v. Morse*, 2008 WL 3822962 (N. D. Cal. 2008); *Logan v. Dept. of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004); *Sconiers v. California Dept. of Social Services*, 2008 WL 53231, *4 (E. D. Cal. 2008).

The courts have reasoned first that HIPAA does not contain any express language conferring privacy rights upon individuals and does not identify a class of persons as the intended beneficiaries of its protections. Instead, it focuses on regulating persons that have access to an individual's medical information and who conduct certain health care transactions. 42 U.S.C. § 1320d-1. Title 45 C.F.R. § 160.102 provides that a "covered entity" includes, : "(1) A health plan; (2) A health care clearinghouse; (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter."

Secondly, HIPAA expressly provides the penalties for improper disclosures of medical information[5], see 42 U.S.C. §§ 1320d-5, d-6, and limits enforcement to the Secretary of HHS.

---

[5]"Protected health information" includes "individually identifiable health information" that is "[t]ransmitted or maintained in any other form or medium." 45 C.F.R. § 160.103. "Individually identifiable health information," meanwhile, "[i]s created or received by a health care provider . . . ; and . . . [r]elates to the past, present, or future physical or mental health or condition of an individual . . . and . . . identifies the individual . . . ." *Id.*

This specific delegation of its enforcement, is a strong indication that Congress intended to preclude private enforcement." *Univ. of Colo. Hosp. Auth.*, 340 F. Supp. 2d 1142, 1144-45 (D. Colo. 2004) (The specific punitive enforcement provision precludes any finding of an intent by Congress to create a private right of action.); *Logan v. Department of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) ("[T]he law specifically indicates that the Secretary of HHS", not a private individual, "shall pursue the action against an alleged offender.").

Since HIPAA does not make available a private right or cause of action as a means of enforcement, plaintiff states no claim based upon alleged violations of the HIPAA protections. This default cannot be cured by amendment. Therefore, Plaintiff's Claim for violation of HIPAA contained in Claim No. Two must be dismissed with prejudice.

### D.   *Privacy*

Claim No. Two of the Second Amended Complaint also alleges that Janice Jacobs, Director, Veteran Affairs Regional Office, "[w]orking as a federal employee within the Veteran Affairs Regional Office, released information that was not redacted." The Plaintiff claims that "[t]his falls under the HIPPA (sic) and Privacy Acts."

The Due Process Clause of the Fourteenth Amendment safeguards the privacy of an individual's personal information from government disclosure. *Nilson v. Layton City*, 45 F.3d 369, 371 (10th Cir.1995); *Larsen v. Johnston,* 2009 WL 1058088, *2 (10th Cir. 2009). There is, however, no constitutional right to privacy in information that is readily available to the public, including arrest records, judicial proceedings, and information contained in police reports. *Id.* at 372; *Larsen*, *id*.

The Supreme Court has never proclaimed a "general constitutional right to privacy." *Whalen v. Roe*, 429 U.S. 589, 607-08 (1977) (quoting *Katz v. United States*, 389 U.S. 347, 350, (1967)). The Constitution nowhere explicitly mentions such a fundamental privacy right. Yet, the Supreme Court, to be sure, has found a constitutional right to privacy lurking in various amendments to the Constitution. *See e.g., Roe v. Wade*, 410 U.S. 113, 153 (1973) (finding right to privacy is "founded in the Fourteenth Amendment's concept of personal liberty and restrictions upon state action"); *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (holding the Fourth Amendment allows individuals "to be free from unreasonable governmental intrusion"); *Griswold v. Connecticut*, 381 U.S. 479, 484-485 (1965) (holding assorted rights of privacy are created by the Bill of Rights' various penumbras). It is clear that the Supreme Court has extended that constitutional right to certain "zones of privacy," including private decisions involving marriage, procreation, contraception, abortion, and child raising and education all applicable generally through the Fourteenth Amendment. *See generally Sherman v. Jones,* 258 F. Supp. 2d 440, 442 (E.D. Va. 2003) (collecting cases). But significantly, the Supreme Court has carefully avoided creating a broad, fundamental privacy right, noting that the matter of general individual privacy rights is an issue that should be "left largely to the law of the individual States." *Katz*, 389 U.S. at 351.

The Tenth Circuit Court of Appeals "has repeatedly interpreted the Supreme Court's decision in *Whalen* as creating a right to privacy in the non-disclosure of personal information," including confidential medical information. *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir.2000); *A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection."); *Howard*

*v. Douglas County Jail*, 2009 WL 1504733, *4, n. 5 (10th Cir. 2009) (privacy in medical records in prison setting).

In this case, however, the Plaintiff does not assert what "information that was not redacted" was released or to whom it was released. The complaint does not specify a date of the release nor why the release – of whatever it was – was unlawful. Pursuant to Fed. R. Civ. P. 8(a)(2), this claim wholly fails to provide a "statement of the claim showing that the pleader is entitled to relief . . ." in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* There are simply no facts alleged supporting any claim to relief, much less a plausible claim." *Iqbal*, at 1949.

    WHEREFORE, it is **ORDERED**

1.     Defendant's "Motion to Dismiss" [Doc. No. 31] is **GRANTED.**

    a.     All claims against Defendants VETERAN AFFAIRS REGIONAL OFFICE, JAMES B. PEAKE, MD, Secretary of Veteran Affairs and DAN ICE, Support Services, Veteran Affairs Regional Office are **DISMISSED with prejudice**.

    b.     Claims against JANICE JACOBS, Director, Veteran Affairs Regional Office, for violation of Title VII and violation of HIPAA are **DISMISSED with prejudice**.

    c.     The Claim against JANICE JACOBS for violation of an unspecified privacy right is **DISMISSED without prejudice**.

      d.      All pending motions shall be **DENIED** as moot.

      e.      Defendants may have their costs.

Dated this 1st day of July, 2009.

      **BY THE COURT:**

      *[signature]*

      Kathleen M. Tafoya
      United States Magistrate Judge