IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01993–KMT–KLM

CYNTHIA GAY ROYCE,

    Plaintiff,

v.

VETERAN AFFAIRS REGIONAL OFFICE,
JAMES B. PEAKE, MD, Secretary of Veteran Affairs,
DAN ICE, Support Services, Veteran Affair Regional Office,
JANICE JACOBS, Director, Veteran Affairs Regional Office,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Motion to Recuse of Honorable Judge Tafoya" (Doc. No. 66) filed July 7, 2009. Plaintiff requests that I recuse myself and that another judge be reassigned to this case.

    The relevant statute, 28 U.S.C. § 455, requires a judge to recuse himself or herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. *Id.*; *Salt Lake Tribune Publishing Co. v. AT & T Corp.*, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). On the other hand, "section 455(a)

must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982); *see also Bryce*, 289 F.3d at 659. Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis." *See Jackson v. Fort Stanton Hospital and Training School*, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R.Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted). A "judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir.1987) (citation omitted). Conclusions, opinions, and rumors are not a sufficient basis for recusal. *Davis v. Commissioner*, 734 F.2d 1302, 1303 (8th Cir. 1984) (cited in *Hinman v. Rogers* 831 F.2d 937, 940 (10th Cir. 1987).

Plaintiff contends that my order dismissing her case is "harsh and bias in nature" towards her. Plaintiff further contends that I did not allow her to receive any discovery, making it difficult for her to pursue her case. Plaintiff also alleges the "sexual harassment issue has never been addressed."

The plaintiff in this case has shown no basis, much less a reasonable basis, for questioning my impartiality in this matter. Again, recusal is required if a reasonable person, knowing all the facts, would harbor doubts about my impartiality. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). To the extent plaintiff relies on adverse rulings to show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Accordingly,

Plaintiff's "Motion to Recuse of Honorable Judge Tafoya" (Doc. No. 66) is DENIED.

Dated this 8th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge